UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY DEFENDERS FUND,<br><br>600 Pennsylvania Avenue, SE, No. 15180<br>Washington, DC 20003<br><br>*Plaintiff*,<br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br><br>935 Pennsylvania Avenue, NW,<br>Washington, DC 20535<br><br>*Defendant*. | CIVIL ACTION NO.<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Democracy Defenders Fund ("Plaintiff" or "DDF") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Federal Bureau of Investigation ("FBI") to disclose documents requested pursuant to FOIA. Specifically, Plaintiff is seeking documents related to the investigation of Border Czar, Thomas ("Tom") Homan ("Mr. Homan").

2. These documents contain vital information that the American public needs to have in order to assess both Mr. Homan's potentially corrupt actions as well as the Department of Justice and FBI's potentially politically motivated decision to drop the investigation into Mr. Homan, one of the Trump Administration's appointees.

3. Defendant has wrongly denied Plaintiff's FOIA request under FOIA exemptions 5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b)(7)(c) and has failed to respond to Plaintiff's FOIA appeal within the statutory deadline.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

### PARTIES

8. Plaintiff, Democracy Defenders Fund, is a national non-profit section 501(c)(3) organization dedicated to restoring American democracy by defending the rule of law, fighting corruption, and protecting elections. DDF is incorporated under the laws of Washington, DC. DDF also regularly publishes reports, updates, and news related to its mission.

9. Defendant FBI is an agency of the United States under 5 U.S.C. § 552(f)(1). FBI is headquartered in Washington, DC.

10. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Defendant's refusal to provide Plaintiff with the records requested is a violation of FOIA.

## STATEMENT OF FACTS

11. Mr. Homan is currently the Trump Administration's "Border Czar," a senior White House position for which he receives a salary of nearly $200,000.[1]

12. On September 20, 2025, MS Now reported that Homan accepted $50,000 from undercover FBI Agents posing as prospective government contractors.[2] These payments were purportedly for the purpose of securing future contracts with the government if President Trump won re-election.

13. According to insider sources quoted in the media, the investigation into Mr. Homan began during the end of the Biden Administration, when a target in a different investigation disclosed that Mr. Homan, who expected an appointment by President Trump, was accepting bribes in exchange for future contracts.[3]

14. According to news reports, the FBI planned to wait to see whether Mr. Homan would deliver on the promised contracts once he was appointed by President Trump.[4]

15. MS Now reported that it had reviewed documents the agency had created summarizing the tapes and the agency's conclusions about the strength of the evidence.[5]

16. According to sources cited in MS Now, several law enforcement officials believed that they had a strong case against Mr. Homan based on the recordings.[6]

---

[1] Executive Office of the President, Annual Report to Congress on White House Office Personnel, (July 1, 2025), https://www.whitehouse.gov/wp-content/uploads/2025/07/2025-Annual-Report-to-Congress-on-White-House-Staff.pdf

[2] Carol Leonnig & Ken Dilanian, *Tom Homan was investigated for accepting $50,000 from undercover FBI agents. Trump's DOJ shut it down*, Ms Now (Sept. 20, 2025), https://www.ms.now/news/tom-homan-cash-contracts-trump-doj-investigation-rcna232568.

[3] Sarah N. Lynch, *Trump Aide Homan Accepted $50,000 in Bribery Sting Operation, Sources Say,* Reuters (Sept. 22, 2025), https://www.reuters.com/world/us/trump-aide-homan-accepted-50000-bribery-sting-operation-sources-say-2025-09-21/

[4] Leonnig & Dilanian, *supra* note 2.

[5] *Id.*

[6] *Id.*

17. Documents reviewed by MS Now indicated that officials were considering four criminal charges against Mr. Homan: conspiracy, bribery and two kinds of fraud.[7]

18. Despite the officials' belief in the strength of their case, after President Trump took office, the FBI absurdly decided to drop the investigation.

19. According to sources who spoke to MS Now, former Acting Deputy Attorney General Emil Bove was briefed on the case just after Trump took office and Bove told Department of Justice officials that he did not support the investigation.[8]

20. Both the investigation into Mr. Homan's alleged corruption and the agency's decision to drop that investigation implicate important issues of public trust and integrity.

21. Based on DDF's anti-corruption mission, DDF submitted a FOIA request to the Federal Bureau of Investigation on September 23, 2025.

22. DDF requested:

    a. All original and unedited audio recordings, video footage, and/or photographs taken, collected, stored, and/or reviewed by any current or former employee of the Federal Bureau of Investigation, whether on government-issued or privately-owned devices used for official purposes, of or in connection with Thomas "Tom" Douglas Homan's communications with any current or former FBI agent, including any such records related to discussions with undercover agents concerning government contracts, from September 1, 2024 to September 30, 2024.

    b. All records—related to any investigation or investigations by the FBI in connection with Thomas "Tom" Douglas Homan's alleged bribery or violation of

---

[7] *Id.*
[8] *Id.*

      any federal law related to any promises Homan made to certain unidentified third parties in exchange for cash-created, collected, stored, and/or reviewed by any current or former employee of the FBI, from June 1, 2024 to September 21, 2025. This includes but is not limited to the following categories:

        i. All records of investigative summaries, such as reports that outline the findings, progress, and outcomes of any investigation or investigations by the FBI.

        ii. All records of interview reports, such as statements, interviews, and/or interrogations of any investigation or investigations by the FBI.

        iii. All records of case file reports, such as incident reports, evidence logs, and/or event summaries of any investigation or investigations by the FBI.

23. On September 30, 2025, the FBI acknowledged the request and assigned it request number 1684070-000.

24. The agency stated that the request had been received for processing and granted DDF news media fee status. The agency declared that DDF's request for a fee waiver was under consideration.

25. On January 5, 2026, the agency sent DDF a full denial of its request. The agency categorically withheld all documents under FOIA Exemptions 6 and 7(C), claiming that the public interest in these documents does not outweigh the privacy interest of individuals mentioned within the documents.

26. On January 9, 2026, DDF appealed this denial, arguing that the strong public interest outweighs any privacy interest in the documents. DDF highlighted the public interest in Mr. Homan's potential acts of corruption (promising to deliver government contracts in exchange

for money) and the Department of Justice and FBI's potential acts of corruption (closing a legitimate investigation because it implicates someone within their administration).

27. On February 9, 2026, the FBI denied DDF's request for expedited processing of its appeal.

28. As of the date of this filing, the FBI has not responded to the substance of DDF's January 9, 2026 appeal. Nor has the agency provided any responsive documents.

## COUNT ONE:

### *Violation of Statutory Deadline*

29. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

30. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

31. FOIA requires agencies to make an appeal determination within 20 working days after the receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

32. Taking for granted that agency deadlines were paused while the government was shut down, twenty working days from January 9, 2026 (the date DDF submitted its FOIA appeal) was February 11, 2026. As of the date of this filing, Plaintiff has received no documents in response to its FOIA request.

33. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its September 23, 2025 FOIA request, DDF now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## **COUNT TWO**

### *Unlawful Withholding of Agency Records*

34. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

35. Defendant FBI has unlawfully withheld records responsive to Plaintiff's FOIA Request.

36. Defendant has wrongly claimed that these documents are categorically exempt under 5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b)(7)(c).

37. Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. §552(a)(6)(C)(i).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on February 17, 2026.

/s/ *Ginger P. McCall*
Ginger McCall
DC Bar # 1001104
ginger@freeinformationgroup.com

Kevin H. Bell
DC Bar # 90015600
kevin@freeinformationgroup.com

FREE INFORMATION GROUP, PLLC
1100 13th St. NW, Ste. 800
Washington, DC 20005
(202) 946-3642

*Attorneys for Plaintiff*


/s/ *Taryn Wilgus Null*
Taryn Wilgus Null (DC Bar # 985724)
Norman L. Eisen (DC Bar #435051)
Spencer W. Klein (DC Bar #90003366)
Zsa'Queria Martin (pro hac vice application forthcoming)

DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, No. 15180
Washington, DC 20003
(202) 594-9958

Norman@democracydefenders.org
Taryn@democracydefenders.org
Spencer@democracydefenders.org
Zsaqueria@democracydefenders.org