UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY DEFENDERS FUND,

　　　　Plaintiff,

　　v.

FEDERAL BUREAU OF INVESTIGATION,

　　　　Defendant.

Civil Action No. 26-0496 (ACR)

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated April 6, 2026, Defendant Federal Bureau of Investigation ("FBI") and Plaintiff Democracy Defenders Fund, by and through undersigned counsel, hereby submit this initial joint status report in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

1. 　　Background: This case involves a two-part FOIA request that Plaintiff submitted to the FBI on September 23, 2025, seeking documents and other records relating to the investigation of Mr. Thomas Homan. *See* Complaint ¶¶ 1, 21-22, ECF No. 1. Plaintiff filed suit on February 17, 2026. *See id*. Defendant answered on April 6, 2026. *See* ECF No. 12.

2. 　　Status of Plaintiff's FOIA requests, anticipated number of responsive documents, and anticipated date(s) for release: On January 5, 2026, the FBI issued a final response in this case. The FBI issued a *Glomar* response pursuant to Exemptions 6 and 7(C) with respect to part one of the request, *see* Compl. ¶ 22(a), and a categorical denial pursuant to Exemptions 6 and 7(C) with respect to part two of the request, *see id*. ¶ 22(b).

3. 　　The parties have met and conferred. Plaintiff has advised that it is challenging the FBI's *Glomar* response and the categorical denial pursuant to Exemptions 6 and 7(C).

1

4.      The parties have agreed to, and respectfully ask to Court to permit, bifurcated briefing on the categorical denial pursuant to Exemptions 6 and 7(C).  While the FOIA allows the FBI to properly withhold documents on a categorical basis, the FOIA generally requires agencies to invoke all applicable exemptions at the same time.  *See Maydak v. Dep't of Just.*, 218 F.3d 760, 764-65 (D.C. Cir. 2000); *see also Leopold v. Dep't of Just.*, 301 F. Supp. 3d 13, 26 (D.D.C. 2018). In this case, however, requiring the FBI to undertake a full, line-by-line review of the documents withheld in full under Exemptions 6 and 7(C) in order to assert all other overlapping exemptions would substantially increase the processing time for responsive records in this case.  Bifurcating briefing allows the parties to propose a briefing schedule regarding the documents withheld under Exemptions 6 and 7(C) as well as the *Glomar* issue now.  Bifurcation would avoid the need to expend the significant time and resources required for the parties to brief—and for the Court to decide—complex issues regarding exemption claims that may turn out to be superfluous if the Exemption 6 and 7(C) withholdings are upheld.  Thus, it is in the parties' and the Court's interest to allow the FBI to initially assert Exemptions 6 and 7(C) over the responsive records that FBI believes are subject to withholding in full, while preserving the FBI's right to assert at a later date other underlying exemptions over the same documents, should the Court ultimately determine that Exemptions 6 and 7(C) do not apply.  Other judges in this District have previously approved such requests.  *See*, *e.g.*, *Leopold v. Dep't of Just.*, Civ. A. No. 22-1921 (BAH) (July 11, 2023, Minute Order).  Consistent with this well-established and sensible practice, the FBI respectfully requests an order making clear that FBI may initially brief summary judgment for the responsive records only for the application of Exemptions 6 and 7(C), as well as the application of *Glomar*, without forfeiting its ability to later assert other exemptions over the same documents if necessary.

5.      The parties respectfully propose the following briefing schedule for further proceedings:

    a.  <u>Defendant's Motion for Summary Judgment:</u> July 14, 2026

    b.  <u>Plaintiff's Cross Motion for Summary Judgment and Opposition:</u> August 28, 2026

    c.  <u>Defendant's Opposition and Reply:</u> September 29, 2026

    d.  <u>Plaintiff's Reply:</u> October 29, 2026

6.      *Open America* Stay: At present, Defendants do not anticipate seeking an *Open America* stay in this matter.

Dated: May 18, 2026
    Washington, D.C.

/s/ *Ginger P. McCall*
Ginger McCall (DC Bar # 1001104)
ginger@freeinformationgroup.com

Kevin H. Bell (DC Bar # 90015600)
kevin@freeinformationgroup.com

FREE INFORMATION GROUP, PLLC
1100 13th St. NW, Ste. 800
Washington, DC 20005
(202) 946-3642

/s/ *Taryn Wilgus Null*
Taryn Wilgus Null (DC Bar # 985724)
Norman L. Eisen (DC Bar # 435051)
Zsa'Queria Martin (pro hac vice)

DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, No. 15180
Washington, DC 20003
(202) 594-9958

Norman@democracydefenders.org
Taryn@democracydefenders.org
Zsaqueria@democracydefenders.org

*Attorneys for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     /s/ Benjamin H. Zieman
    Benjamin H. Zieman
    Assistant United States Attorney
    601 D Street N.W.
    Washington, D.C. 20530
    202-252-2540
    benjamin.zieman@usdoj.gov

*Attorneys for the United States of America*