UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY DEFENDERS FUND,

    Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant,

Civil Action No. 26-0496 (ACR)

## NOTICE OF REQUEST FOR PRE-MOTION CONFERENCE

Pursuant to ¶ 7(f) of the Court's Standing Order in Civil Cases, Defendant Federal Bureau of Investigation ("FBI") respectfully submits this notice in support of its request for a pre-motion conference in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On September 23, 2025, Plaintiff submitted a two-part FOIA request to the FBI, seeking records relating to an investigation of Mr. Thomas Homan. *See* Complaint ¶¶ 21-22, ECF No. 1. In short, Part One seeks various forms of media (*e.g.*, audio, video, and photos), while Part Two seeks various investigation records (*e.g.*, interview reports, incident reports, evidence logs, etc.). *See id*. ¶ 22. Plaintiff seeks to expose alleged impropriety—by Mr. Homan himself, and by the Department of Justice and the FBI in closing the investigation. *See id*. ¶¶ 2, 18, 20, 26.

On January 5, 2026, the FBI issued a *Glomar* response as to Part One, refusing under Exemptions 6 and 7(C) to confirm or deny the existence of responsive records, and categorically denied access to the records requested in Part Two under the same exemptions. The FBI has since determined that its *Glomar* response as to Part One was also proper under Exemption 7(E).

For the following reasons, the FBI wishes to move for summary judgment on these issues. The FBI also reiterates its request for an order permitting bifurcated briefing. *See* ECF No. 14.

1

**A.**      <u>**The FBI's *Glomar* Response as to Part One Was Proper**</u>

An agency may issue a *Glomar* response, "refusing to confirm or deny its possession of responsive documents," when "merely acknowledging the existence of responsive records would itself cause harm cognizable under a FOIA exception." *PETA v. Nat'l Insts. of Health*, 745 F.3d 535, 540 (D.C. Cir. 2014) (quoting *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007)).

Here, the FBI properly issued a *Glomar* response as to Part One under Exemption 7(C), which "protects against the disclosure of 'records or information compiled for law enforcement purposes' to the extent that such disclosure 'could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Seized Prop. Recovery, Corp. v. Customs & Border Prot.*, 502 F. Supp. 2d 50, 56 (D.D.C. 2007) (quoting 5 U.S.C. § 552(b)(7)(C)).[1]

Although Mr. Homan may have a lessened interest in keeping secret whether he was under investigation, he still "retain[s] a second, distinct privacy interest in the contents of the investigative files." *CREW v. Dep't of Just.*, 746 F.3d 1082, 1092 (D.C. Cir. 2014). Indeed, the FBI has never officially acknowledged the existence or non-existence of the media at issue. *See Bartko v. Dep't of Just.*, 79 F. Supp. 3d 167, 173 (D.D.C. 2015) ("Even the mere acknowledgement of the existence of records relating to criminal investigations (let alone their contents) can constitute an invasion of privacy."). Further, Mr. Homan was never charged with a crime. *See id.* ("The privacy interest is strongest where the individuals in question 'have been investigated but never publicly charged."") (quoting *ACLU v. Dep't of Just.*, 655 F.3d 1, 7 (D.C. Cir. 2011)). And Mr. Homan was a private figure in September 2024; the fact that he is now a public figure does

---

[1]      The *Glomar* response was also proper under Exemption 6, but it is not necessary to analyze that exemption here since any information exempt under Exemption 7(C) would also be exempt under Exemption 6. *See Roth v. Dep't of Just.*, 642 F.3d 1161, 1173 (D.C. Cir. 2011). Also, Plaintiff cannot dispute that the records at issue, if they exist, would have been "compiled for law enforcement purposes." *See Campbell v. Dep't of Just.*, 164 F.3d 20, 32 (D.C. Cir. 1998).

not mean that he has a diminished privacy interest in aspects of his life that are not publicly known. *See*, *e.g.*, *Heritage Found. v. Dep't of Homeland Sec.*, 754 F. Supp. 3d 73, 76-79 (D.D.C. 2024); *Prop of the People v. Dep't of Just.*, 310 F. Supp. 3d 57, 69-70 (D.D.C. 2018).

Nor can Plaintiff establish a significant countervailing public interest in disclosure that would need to be weighed against Mr. Homan's privacy interests. *See Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989). Although an interest in showing that "the investigative agency or other responsible officials acted negligently or otherwise improperly in the performance of their duties" may suffice, Plaintiff must provide a "meaningful evidentiary showing" because such allegations "are easy to allege and hard to disprove." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 173-75 (2004). But here, Plaintiff merely speculates about nefarious motives for closing the investigation. *See* Complaint ¶¶ 2, 18, 20, 26. Such "bare suspicion[s]" do not constitute "evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Favish*, 541 U.S. at 174. Plaintiff cannot produce "compelling evidence that the agency denying the FOIA request is engaged in illegal activity." *Spirko v. United States Postal Serv.*, 147 F.3d 992, 999 (D.C. Cir. 1998).

Further, releasing the media in Part One would draw negative and unwanted attention to Mr. Homan, subject him to harassing inquiries, or otherwise stigmatize and adversely affect him, thereby constituting foreseeable harm. *See*, *e.g.*, *Ezeah v. FBI*, Civ. A. No. 24-0076 (TNM), 2025 U.S. Dist. LEXIS 158961, at *13 (D.D.C. Aug. 15, 2025); *Kendrick v. FBI*, Civ. A. No. 20-2900 (TNM), 2022 U.S. Dist. LEXIS 175454, at *15-16 (D.D.C. Sept. 28, 2022).

The *Glomar* response was also proper under Exemption 7(E), which "allows agencies to withhold records when release would 'disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or

3

prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.'"

*Kowal v. Dep't of Just.*, 107 F.4th 1018, 1032-33 (D.C. Cir. 2024) (quoting 5 U.S.C. § 552(b)(7)(E)).  The FBI's supporting declaration will demonstrate that the agency "easily clear[s]" the "low bar" to "justify withholding under Exemption 7(E)" by logically explaining "how the information withheld could aid criminal elements" or "create a risk of circumvention of the law."  *Id.* at 1033; *see also Soghoian v. Dep't of Just.*, 885 F. Supp. 2d 62, 75 (D.D.C. 2012).  And "because [Exemption 7(E)] already requires a showing of risk of circumvention of the law, no further foreseeable-harm analysis is necessary."  *Gun Owners of Am., Inc. v. FBI*, Civ. A. No. 22-3379 (JEB), 2024 U.S. Dist. LEXIS 9399, at *11 (D.D.C. Jan. 18, 2024; *see also Buzzfeed, Inc. v. Dep't of Homeland Sec.*, 610 F. Supp. 3d 139, 148 n.1 (D.D.C. 2022) (same)

**B.**    **The FBI Properly Categorically Withheld the Records Sought in Part Two**

The FBI also properly issued a categorical denial with respect to the investigative records requested in Part Two pursuant to Exemptions 6 and 7(C).  The analysis of these Exemptions with respect to Part Two largely mirrors the analysis with respect to Part One.  The FBI will also submit a declaration analyzing the functional categories and the types of categorically withheld records pursuant to *Bevis v. Dep't of State*, 801 F.2d 1386, 1388 (D.C. Cir. 1986).

Dated: June 11, 2026
       Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    /s/ Benjamin H. Zieman
       Benjamin H. Zieman
       Assistant United States Attorney
       601 D Street N.W.
       Washington, D.C. 20530
       202-252-2540
       benjamin.zieman@usdoj.gov

*Attorneys for the United States of America*

4